FILED

2010 OCT 18 P 3: 37

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  DARREN J. ROBBINS (168593)
   RANDALL J. BARON (150796)
3  A. RICK ATWOOD, JR. (156529)
   DAVID T. WISSBROECKER (243867)
4  STEVEN M. JODLOWSKI (239074)
   DAVID A. KNOTTS (235338)
5  EUN JIN LEE (264208)
   655 West Broadway, Suite 1900
6  San Diego, CA  92101
   Telephone:  619/231-1058
7  619/231-7423 (fax)
   darrenr@rgrdlaw.com
8  randyb@rgrdlaw.com
   ricka@rgrdlaw.com
9  dwissbroecker@rgrdlaw.com
   sjodlowski@rgrdlaw.com
10  dknotts@rgrdlaw.com
   elee@rgrdlaw.com
11
   GOLDFARB BRANHAM LLP
12  HAMILTON LINDLEY
   2501 N. Harwood Street, Suite 1801
13  Dallas, TX  75201
   Telephone:  214/583-2233
14  214/583-2234 (fax)
   hlindley@goldfarbbranham.com
15
   Attorneys for Plaintiffs
16

E-filing

                 UNITED STATES DISTRICT COURT
17
                 NORTHERN DISTRICT OF CALIFORNIA
18
                     SAN FRANCISCO DIVISION
19

| | |
|---|---|
| BEVERLY AND LIONEL SACKS, on Behalf of Themselves and All Others Similarly Situated, | No. **10 4705** |
| | CLASS ACTION |
| Plaintiffs, | COMPLAINT FOR BREACH OF FIDUCIARY DUTIES |
| vs. | |
| ACTIVIDENTITY CORPORATION, GRANT EVANS, BRAD BOSTON, ROBERT BRANDEWIE, JAMES FRANKOLA, STEVEN HUMPHREYS, JAMES E. OUSLEY and DAVID B. WRIGHT, | |
| Defendants. | |

JCS

1

**INTRODUCTION**

2    1.    This is a shareholder class action brought by shareholders of ActivIdentity

3  Corporation ("ActivIdentity" or the "Company") on behalf of public holders of ActivIdentity

4  common stock. The action is brought against the members of the Company's Board of Directors

5  (the "Board") arising out of their breaches of fiduciary duty in connection with their attempts to

6  complete the sale of ActivIdentity to ASSA ABLOY, the parent company of HID Global

7  (collectively, "HID"), via an unfair process and at an unfair price (the "Proposed Acquisition"). The

8  Board was aided and abetted at all times by the Company. This action seeks equitable relief only.

9    2.    ActivIdentity is a global company that provides authentication and credential

10  management solutions to establish a person's identity when he or she is digitally interacting.

11  Although affected by the global financial crisis like most other companies, ActivIdentity's stock

12  price has historically traded substantially above $3.25 as demonstrated below:

13


23    3.    Plus, the Company has been experiencing improvements in its financial performance.

24  The Company's stock has traded as high as $3.33 per share as recently as April 27, 2010.

25  Accordingly, it came as a surprise and extreme disappointment to the Company's public

26  shareholders when on October 11, 2010, the Company announced that it had agreed to be acquired

27  by HID for a mere $3.25 per share. The Proposed Acquisition is being touted to shareholders as

28

COMPLAINT FOR BREACH OF FIDUCIARY DUTIES                                                    - 1 -

1  offering them a premium to the price of their shares. But as demonstrated by the chart above,
2  shareholders are receiving practically *no* premium.

3  4.  ActivIdentity insiders, on the other hand, have made sure that their own personal
4  interests are protected. Less than two months ago, the Board approved amendments to the
5  compensation packages of Company executives, including Grant Evans, the Company's Chief
6
7  Executive Officer ("CEO") and Chairman of the Board, promising them, in effect, a big payoff at the
8  sale of the Company. And, to lock up these benefits and ensure that ActivIdentity is delivered into
9  the hands of HID, ActivIdentity insiders have agreed to onerous deal protection devices, including
10  maintaining a "poison pill" shareholder rights plan. Meanwhile, ActivIdentity public shareholders
11  will have no opportunity to share in any further gains for the Company. In short, the Proposed
12  Acquisition is at an unfair price and is the result of an unfair process.
13

14  5.  In pursuing the unlawful plan to sell ActivIdentity, each of the defendants violated
15  applicable law by directly breaching and/or aiding the other defendants' breaches of their fiduciary
16  duties of loyalty, due care, independence, candor, good faith and fair dealing. Immediate judicial
17  intervention is warranted here to rectify existing and future irreparable harm to the Company's
18  shareholders. Plaintiffs, on behalf of the Class (as defined herein), seek to ensure that if shareholders
19  are to be ultimately stripped of their respective equity interests through the Proposed Acquisition,
20  that the Proposed Acquisition is conducted in a manner that is not overtly improper, unfair and
21  unlawful, and is conducted in a manner that maximizes shareholder value.
22

23  ## INTRADISTRICT ASSIGNMENT

24  6.  A substantial part of the events or omissions which give rise to the claims in this
25  action occurred in the county of Alameda, and as such this action is properly assigned to the San
26  Francisco division of this Court.

27
28

COMPLAINT FOR BREACH OF FIDUCIARY DUTIES                                            - 2 -

1

**JURISDICTION AND VENUE**

2    7.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.

3  §1332(a)(1) in that plaintiffs and defendants are citizens of different states and the matter in

4  controversy exceeds $75,000, exclusive of interest and costs. The Court also has jurisdiction over

5  this action pursuant to 15 U.S.C. §78bb(f)(3)(A)(i), because it is a class action based on the statutory

6  or common law of Delaware, ActivIdentity's state of incorporation, and thus may be maintained in
7
   federal court. This Court has supplemental jurisdiction under 28 U.S.C. §1367.
8

9    8.    Venue is proper in this District pursuant to 28 U.S.C. §1391 because defendant

10  ActivIdentity has its principal place of business in this District. In addition, Individual Defendants

11  Grant Evans, Steven Humpreys and David B. Wright reside in this District. Plaintiffs' claims arose

12  in this District, where most of the actionable conduct took place, where most of the documents are

13  electronically stored and where the evidence exists, and where virtually all the witnesses are located
14
    and available to testify at the jury trial permitted on these claims in Court. Moreover, each of the
15
16  Individual Defendants, as Company officers and/or directors, has extensive contacts with this

17  District.

18

**PARTIES**

19    9.    Plaintiffs Beverly and Lionel Sacks are, and were at all times relevant hereto,

20  shareholders of ActivIdentity. Plaintiffs currently own approximately 45,000 shares of ActivIdentity

21  common stock. Plaintiffs are citizens of the State of Florida.

22
      10.    Defendant ActivIdentity is a Delaware corporation headquartered in Fremont,
23
24  California, and is publicly traded on NASDAQ under the symbol "ACTI." ActivIdentity is a global

25  leader in strong authentication and credential management, providing solutions to confidently

26  establish a person's identity when interacting digitally. For more than two decades, the Company's

27  experience has been leveraged by security-minded organizations in large-scale deployments such as

28

COMPLAINT FOR BREACH OF FIDUCIARY DUTIES                                              - 3 -

the U.S. Department of Defense, Nissan, and Saudi Aramco. The Company's customers have issued more than 100 million credentials, securing the holder's digital identity.

11.     Defendant Grant Evans ("Evans") is the CEO and Chairman of the Board of the Company. Evans has secured lucrative change-in-control benefits for himself and other Company insiders. Defendant Evans is a citizen of the State of California.

12.     Defendant Brad Boston ("Boston") is a director of the Company. Defendant Boston is a citizen of the State of California.

13.     Defendant Robert Brandewie ("Brandewie") is a director of the Company. Defendant Brandewie is a citizen of the State of California.

14.     Defendant James Frankola ("Frankola") is a director of the Company. Defendant Frankola is a citizen of the State of California.

15.     Defendant Steven Humphreys ("Humphreys") is a director of the Company. Defendant Humphreys is a citizen of the State of California.

16.     Defendant James E. Ousley ("Ousley") is a director of the Company. Defendant Ousley is a citizen of the State of Arizona.

17.     Defendant David B. Wright ("Wright") is a director of the Company. Defendant Wright is a citizen of the State of California.

18.     The defendants named above in ¶¶11-17 are sometimes collectively referred to herein as the "Individual Defendants."

## DEFENDANTS' FIDUCIARY DUTIES

19.     By reason of defendants' positions with the Company as officers and/or directors, said individuals are in a fiduciary relationship with plaintiffs and the other public stockholders of ActivIdentity and owe plaintiffs and the other members of the Class a duty of highest good faith, fair dealing, loyalty, and full, candid and adequate disclosure.

COMPLAINT FOR BREACH OF FIDUCIARY DUTIES                                          - 4 -

1     20.     The claims are brought under Delaware state law. Under Delaware law, in any

2 situation where the directors of a publicly traded corporation undertake a transaction that will result

3 in either (i) a change in corporate control, or (ii) a break up of the corporation's assets, the directors

4 and officers have an affirmative fiduciary obligation to obtain the highest value reasonably available

5

6 for the corporation's shareholders, and if such transaction will result in a change of corporate

7 control, the shareholders are entitled to receive a significant premium. To diligently comply with

8 these duties, the directors and officers may not take any action that:

9     (a)     adversely affects the value provided to the corporation's shareholders;

10     (b)     will discourage or inhibit alternative offers to purchase control of the

11 corporation or its assets;

12     (c)     contractually prohibits them from complying with their fiduciary duties;

13

14     (d)     will otherwise adversely affect their duty to search and secure the best value

15 reasonably available under the circumstances for the corporation's shareholders; and/or

16     (e)     will provide the directors with preferential treatment at the expense of, or

17 separate from, the public shareholders.

18     21.     In accordance with their duties of loyalty, care and good faith, and in connection with

19 negotiating and agreeing to the Proposed Acquisition, the Individual Defendants, as directors and/or

20

21 officers of ActivIdentity, are obligated to refrain from:

22     (a)     participating in or permitting any transaction where the directors' or officers'

23 loyalties are divided;

24     (b)     participating in or permitting any transaction where the directors or officers

25 receive or are entitled to receive a personal financial benefit not equally shared by the public

26 shareholders of the corporation;

27

28

COMPLAINT FOR BREACH OF FIDUCIARY DUTIES     - 5 -

1             (c)     unjustly enriching themselves at the expense or to the detriment of the public

2 shareholders, or permitting other officers or directors to do so;

3             (d)     structuring a sales process for the Company to favor directors, officers and/or

4 other Company insiders for reasons unrelated to the directors' duty to seek the best price available

5

6 for the Company's shareholders;

7             (e)     engaging in any conduct in the context of a sales process for the Company that

8 favors one bidder for the Company over another in derogation of the directors' duty to seek the best

9 price available for the Company's shareholders; and

10             (f)     failing to disclose and/or misrepresenting material information about the

11 Company, the sales process for the Company and the Company's financial prospects going forward

12 when seeking shareholder support of a merger transaction.

13

14        22.     Plaintiffs allege herein that the Individual Defendants, separately and together, in

15 connection with the proposed sale of ActivIdentity, are violating the fiduciary duties owed to

16 plaintiffs and the other public shareholders of ActivIdentity, including their duties of loyalty, good

17 faith and independence, insofar as they stand on both sides of the transaction and are engaging in

18 self-dealing and obtaining for themselves personal benefits, including personal financial benefits, not

19 shared equally by plaintiffs or the Class, and have failed and are failing to provide shareholders with

20 all material information concerning the Proposed Acquisition.

21

22        23.     By virtue of their positions as directors and/or officers of ActivIdentity and/or their

23 exercise of control and ownership over the business and corporate affairs of ActivIdentity, the

24 Individual Defendants have, and at all relevant times had, the power to control and influence and did

25 control and influence and cause ActivIdentity to engage in the practices complained of herein. Each

26 defendant herein is sued individually and as an aider and abettor and in his capacity as a director of

27

28

COMPLAINT FOR BREACH OF FIDUCIARY DUTIES           - 6 -

1  ActivIdentity. The liability of each of the defendants arises from the fact that they have engaged in

2  all or part of the unlawful acts, plans, schemes or transactions complained of herein.

3      24.     Because the Individual Defendants are breaching and have breached their duties of

4  loyalty, good faith and independence in connection with the proposed sale of ActivIdentity, the

5

6  burden of proving the inherent or entire fairness of the Proposed Acquisition, including all aspects of

7  its negotiation and structure, is placed upon the Individual Defendants as a matter of law.

8                              **CLASS ACTION ALLEGATIONS**

9      25.     Plaintiffs bring this action individually and as a class action on behalf of all holders of

10  ActivIdentity common stock who are being and will be harmed by defendants' actions described

11  below (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust,

12  corporation, or other entity related to or affiliated with any defendant.

13

14      26.     This action is properly maintainable as a class action.

15      27.     The Class is so numerous that joinder of all members is impracticable. According to

16  ActivIdentity's United States Securities and Exchange Commission ("SEC") filings, there were 47

17  million shares of ActivIdentity common stock outstanding as of July 30, 2010.

18      28.     There are questions of law and fact which are common to the Class and which

19  predominate over questions affecting any individual Class member. The common questions include,

20  *inter alia*, the following:

21          (a)     whether the Individual Defendants have breached their fiduciary duties of

22  undivided loyalty, independence, or due care with respect to plaintiffs and the other members of the

23  Class in connection with the Proposed Acquisition;

24          (b)     whether the Individual Defendants are engaging in self-dealing in connection

25  with the Proposed Acquisition;

26          (c)     whether the Individual Defendants are unjustly enriching themselves and other

27  insiders or affiliates of ActivIdentity;

28

COMPLAINT FOR BREACH OF FIDUCIARY DUTIES                                                                    - 7 -

1           (d)     whether the Individual Defendants have breached any of their other fiduciary

2  duties to plaintiffs and the other members of the Class in connection with the Proposed Acquisition,

3  including the duties of good faith, diligence, candor and fair dealing;

4           (e)     whether the defendants, in bad faith and for improper motives, have impeded

5  or erected barriers to discourage other offers for the Company or its assets;

6           (f)     whether defendants have failed to provide all material information to

7  shareholders in connection with the Proposed Acquisition; and

8           (g)     whether plaintiffs and the other members of the Class would suffer irreparable

9  injury were the transactions complained of herein consummated.

10      29.    Plaintiffs' claims are typical of the claims of the other members of the Class and

11  plaintiffs do not have any interests adverse to the Class.

12      30.    Plaintiffs are adequate representatives of the Class, have retained competent counsel

13  experienced in litigation of this nature, and will fairly and adequately protect the interests of the

14  Class.

15      31.    The prosecution of separate actions by individual members of the Class would create

16  a risk of inconsistent or varying adjudications with respect to individual members of the Class which

17  would establish incompatible standards of conduct for the party opposing the Class.

18      32.    Plaintiffs anticipate that there will be no difficulty in the management of this

19  litigation. A class action is superior to other available methods for the fair and efficient adjudication

20  of this controversy.

21      33.    Defendants have acted on grounds generally applicable to the Class with respect to

22  the matters complained of herein, thereby making appropriate the relief sought herein with respect to

23  the Class as a whole.

24                 **BACKGROUND TO THE PROPOSED ACQUISITION**

25      34.    ActivIdentity is a global company, providing authentication and credential

26  management to confidently establish a person's identity for digital interactions. The Company

27  provides products for securing IT infrastructures and digital transactions to defend against security

28

COMPLAINT FOR BREACH OF FIDUCIARY DUTIES        - 8 -

threats and identity fraud. The Company has 20 years of experience protecting thousands of customers, enabling those customers to trust the identity of the users accessing their organization's resources.

35. Although affected by the global financial crisis like most other companies, ActivIdentity's stock price has historically traded substantially above \$3.25 per share. And going forward, the Company should continue to experience improvements in its financial performance. Over the past several years, the Company has implemented extensive cost-cutting measures and has streamlined operations and improved efficiency. Additionally, the digital identity products market (which the Company is in) is a market that is still emerging and experiencing consolidation.

36. On August 31, 2010, the Compensation Committee of the Board approved amendments to the compensation package of Evans. The Board agreed to permit Evans to obtain, if he is terminated within one year of a change-in-control event: (i) an increase in his severance amount from 18 months to 24 months of base salary plus a target bonus for that year; (ii) an extension of the post-termination time period for health coverage from 12 months to 24 months; (iii) an acceleration of the vesting schedule of all equity incentive awards then held by him; and (iv) an extension of the post-termination exercise period for equity incentive awards to 24 months.

37. The Compensation Committee of the Board also approved amendments to the compensation package of Jacques Kerrest ("Kerrest"), the Company's Chief Financial Officer. The Board agreed to permit Kerrest to obtain, if he is terminated within one year of a change-in-control event: (i) an extension of the post-termination time period for health coverage from 12 months to 18 months; (ii) an acceleration of the vesting schedule of all equity incentive awards then held by him; and (iii) an extension of the post-termination exercise period for equity incentive awards to 18 months. The Board also approved an award of 103,092 restricted stock units to be settled in shares of the Company's common stock to Kerrest, of which 50% would immediately vest on a change-in-

1   control event, and 100% would immediately vest if he is terminated within 12 months of the change-

2   in-control event.

3       38.     The Compensation Committee of the Board also approved amendments to the

4   compensation package of John Boyer ("Boyer"), the Company's Senior Vice President. The Board

5

6   agreed to permit Boyer to obtain, if he is terminated within one year of a change-in-control event: (i)

7   an increase in his severance amount to 11 months of base salary plus a target bonus for that year; (ii)

8   an extension of the post-termination time period for health coverage to 9 months; (iii) an acceleration

9   of the vesting schedule of all equity incentive awards then held by him; and (iv) an extension of the

10  post-termination exercise period for equity incentive awards to 9 months.

11      39.     After obtaining these promises of a big payoff in the event of a sale of the Company,

12  defendants acted to terminate the Company's stand-alone existence, and to hand over the Company's

13
    future prospects to HID and HID only, at the expense and to the detriment of plaintiffs and the Class.
14

15                          **THE PROPOSED ACQUISITION**

16      40.     In an October 11, 2010 press release entitled "ActivIdentity to be Acquired by ASSA

17  ABLOY, Parent Company of HID Global," the Company stated:

18      ActivIdentity Corporation, a global leader in intelligent identity assurance, today
        announced that the company has entered into a definitive agreement to be acquired
19      by ASSA ABLOY AB, the parent company of HID Global, in a cash transaction at a
        price of $3.25 per share, or approximately $162 million. This per share price
20      represents a premium of approximately 43% over the closing price of ActivIdentity
        shares on Friday, October 8, 2010 and a premium of 48% over the 20-day average of
21      closing prices. ActivIdentity will become part of ASSA ABLOY's HID Global
        business and ActivIdentity products will provide the foundation for HID Global's
22      logical access offering.

23      The acquisition, which is subject to ActivIdentity shareholder approval,
        applicable regulatory clearances and other customary closing conditions, is expected
24      to close in December 2010.

25      Commercial and government organizations are faced with ever-changing
        threats to their information and physical assets and, at the same time, they must deal
26      with a broad range of compliance requirements. Optimizing security while
        simplifying the user experience and minimizing costs is an enormous challenge that
27      can best be solved by joining logical and physical access capabilities into a single,
        integrated solution. The combination of ActivIdentity's suite of identity assurance
28

1    solutions with HID's physical and logical access solutions, provides a powerful offering to the market.

2

3         "Organizations and their users are burdened with the expense and complexity of redundant identity assurance technologies," said Grant Evans, chairman and CEO of ActivIdentity. "Now for the first time, customers will be able to benefit from the convergence of physical and logical access control solutions."

4

5         Through the combined power of HID Global and ActivIdentity, we have a compelling opportunity to finally address the use of a single credential for access to physical and logical domains," said Denis Hebert, president and CEO of HID Global. "ActivIdentity is a strong complement to our identity and access management solutions, enabling us to add a new dimension in our ability to deliver value to our customers."

6

7

8

9    41.    To lock up the deal and deliver the Company to HID, while ensuring the receipt of

10   their own personal benefits, defendants have agreed to maintain onerous deal protection devices.

11   For instance, defendants have agreed to maintain a shareholder rights plan, otherwise known as a

12   poison pill, which makes it too expensive for competing bidders to acquire control of the Company.

13   In addition, no directors of ActivIdentity may be removed except for cause, and ActivIdentity's

14   Board has the unilateral ability to add or change bylaws without shareholder approval, can increase

15   or decrease the size of the Board, can fill any vacancies on the Board, and can issue blank check

16   preferred stock – all of which make a takeover even more impossible.

17

18   42.    Defendants also agreed to onerous deal protection provisions in the merger

19   agreement, including: (i) a no-solicitation provision that prevents other buyers from having access to

20   ActivIdentity's confidential information, which is necessary to formulate a bid except under

21   extremely limited circumstances; (ii) a force-the-vote provision that requires the Board to submit the

22   Proposed Acquisition to a shareholder vote even if a superior proposal is made and the Board

23   changes its recommendation; and (iii) a termination fee that requires the Company to pay HID $1.25

24   million if the merger agreement is validly terminated, and $5 million in cash if the Proposed

25   Acquisition is terminated in favor of a superior proposal.

26

27   43.    The above preclusive deal protection devices create a playing field that is tilted in

28   favor of HID and effectively chills any potential auction process for the Company.

COMPLAINT FOR BREACH OF FIDUCIARY DUTIES                                - 11 -

**SELF-DEALING**

44.     By reason of their positions with ActivIdentity, the Individual Defendants are in possession of non-public information concerning the financial condition and prospects of ActivIdentity, and especially the true value and expected increased future value of ActivIdentity and its assets, which they have not disclosed to ActivIdentity's public shareholders. Moreover, despite their duty to maximize shareholder value, the defendants have clear and material conflicts of interest and are acting to better their own interests at the expense of ActivIdentity's public shareholders.

45.     The proposed sale is wrongful, unfair and harmful to ActivIdentity's public shareholders, and represents an effort by defendants to aggrandize their own financial position and interests at the expense of and to the detriment of Class members.  The Proposed Acquisition is an attempt to deny plaintiffs and the other members of the Class their rights while usurping the same for the benefit of defendants on unfair terms.

46.     In light of the foregoing, the Individual Defendants must, as their fiduciary obligations require:

- Withdraw their consent to the sale of ActivIdentity and allow the shares to trade freely, without impediments, and undertake a fair and open sales process directed towards maximizing shareholder value.

- Redeem or rescind any impermissible preclusive and coercive deal protection devices defendants may have included in the merger agreement with HID that make competing offers for the Company unlikely.

- Act independently so that the interests of ActivIdentity's public shareholders will be protected.

- Adequately ensure that no conflicts of interest exist between defendants' own interests and their fiduciary obligation to maximize stockholder value or, if such conflicts exist, to ensure that all conflicts be resolved in the best interests of ActivIdentity's public shareholders.

- Disclose all material information about the Proposed Acquisition, including, among other things, the sales process for the Company, the Company's intrinsic value and prospects going forward, conflicts of interest that impinged on the sales process, and the financial analyses underlying the fairness opinion of the Company's financial advisor.

**CAUSE OF ACTION**

**Claim for Breach of Fiduciary Duties and Aiding and Abetting**

47.     Plaintiffs repeat and reallege each allegation set forth herein.

1    48.    The Individual Defendants, aided and abetted by the Company, have violated
2 fiduciary duties of care, loyalty, candor, and independence owed under applicable law to the public
3 shareholders of ActivIdentity and have acted to put their personal interests ahead of the interests of
4 ActivIdentity's shareholders.

5    49.    By the acts, transactions and courses of conduct alleged herein, defendants,
6 individually and acting as a part of a common plan, are attempting to advance their interests at the
7 expense of plaintiffs and other members of the Class.

8    50.    The Individual Defendants have violated their fiduciary duties by negotiating a
9 transaction with HID without regard to the fairness of the transaction to ActivIdentity's shareholders.
10 Defendant ActivIdentity directly breached and/or aided and abetted the other defendants' breaches of
11 fiduciary duties owed to plaintiffs and the other holders of ActivIdentity stock.

12    51.    As demonstrated by the allegations above, the Individual Defendants, aided and
13 abetted by ActivIdentity, failed to exercise the care required, and breached their duties of loyalty,
14 good faith, candor and independence owed to the shareholders of ActivIdentity because, among
15 other reasons:

16          (a)    they failed to properly value ActivIdentity;

17          (b)    they failed to properly maximize the value of ActivIdentity common shares;

18          (c)    they ignored or did not protect against the numerous conflicts of interest
19 resulting from their own interrelationships or connection with the Proposed Acquisition; and

20          (d)    they are using the proposed sale of the Company to aggrandize their own
21 wealth upon completion of the sale.

22    52.    Because the Individual Defendants dominate and control the business and corporate
23 affairs of ActivIdentity, and are in possession of private corporate information concerning
24 ActivIdentity's assets, business and future prospects, there exists an imbalance and disparity of
25 knowledge and economic power between them and the public shareholders of ActivIdentity which
26 makes it inherently unfair for them to pursue any proposed transaction wherein they will reap
27 disproportionate benefits to the exclusion of maximizing stockholder value.

28

COMPLAINT FOR BREACH OF FIDUCIARY DUTIES                                              - 13 -

1    53.    By reason of the foregoing acts, practices and course of conduct, the Individual
2  Defendants, aided and abetted by ActivIdentity, have failed to exercise ordinary care and diligence
3  in the exercise of their fiduciary obligations toward plaintiffs and the other members of the Class.
4  As a result of defendants' actions, plaintiffs and the Class have been and will be harmed.

5    54.    Defendants are engaging in self-dealing, are not acting in good faith toward plaintiffs
6  and the other members of the Class, and have breached and are breaching their fiduciary duties to the
7  members of the Class.

8    55.    Unless enjoined by this Court, the Individual Defendants, aided and abetted by
9  ActivIdentity, will continue to breach their fiduciary duties owed to plaintiffs and the Class, and may
10 consummate the Proposed Acquisition, which will exclude the Class from its fair share of
11 ActivIdentity's valuable assets and businesses, will not supply to ActivIdentity's shareholders
12 sufficient information to enable them to make a fully informed decision regarding whether to tender
13 their shares, and/or will benefit defendants in the unfair manner complained of herein, all to the
14 irreparable harm of the members of the Class.

15    56.    Plaintiffs and the members of the Class have no adequate remedy at law.  Only
16 through the exercise of this Court's equitable powers can plaintiffs and the Class be fully protected
17 from the immediate and irreparable injury which defendants' actions threaten to inflict.

18                                **PRAYER FOR RELIEF**

19        WHEREFORE, plaintiffs demand preliminary and permanent injunctive relief in plaintiffs'
20 favor and in favor of the Class and against defendants as follows:

21    A.    Declaring that this action is properly maintainable as a class action;

22    B.    Declaring and decreeing that the Proposed Acquisition is in breach of the fiduciary
23 duties of the defendants and is therefore unlawful and unenforceable;

24    C.    Enjoining defendants, their agents, counsel, employees and all persons acting in
25 concert with them from consummating the Proposed Acquisition, unless and until the Company
26 adopts and implements a procedure or process to obtain the highest possible price for shareholders,
27 and discloses all material information to shareholders regarding the Proposed Acquisition;

28

COMPLAINT FOR BREACH OF FIDUCIARY DUTIES                                    - 14 -

1        D.      Directing the Individual Defendants to exercise their fiduciary duties to obtain a

2  transaction which is in the best interests of ActivIdentity's shareholders;

3        E.      Rescinding, to the extent already implemented, the Proposed Acquisition and any

4  proposals, agreements and termination fees associated therewith;

5        F.      Awarding plaintiffs the costs and disbursements of this action, including reasonable

6  attorneys' and experts' fees; and

7        G.      Granting such other and further equitable relief as this Court may deem just and

8  proper.

9  DATED: October 18, 2010           ROBBINS GELLER RUDMAN
                                         & DOWD LLP

10                                     DARREN J. ROBBINS
                                     RANDALL J. BARON

11                                     A. RICK ATWOOD, JR.
                                     DAVID T. WISSBROECKER

12                                     STEVEN M. JODLOWSKI
                                     DAVID A. KNOTTS

13                                     EUN JIN LEE

14

15                                              STEVEN M. JODLOWSKI

16                                655 West Broadway, Suite 1900

17                                San Diego, CA 92101
                                Telephone: 619/231-1058

18                                619/231-7423 (fax)

19                              GOLDFARB BRANHAM LLP
                              HAMILTON LINDLEY

20                              2501 N. Harwood Street, Suite 1801
                              Dallas, TX 75201

21                              Telephone: 214/583-2233
                              214/583-2234 (fax)

22

                              Attorneys for Plaintiffs

23  S:\CptDraft\Securities\Cpt Actividentity Fed.doc

24

25

26

27

28

COMPLAINT FOR BREACH OF FIDUCIARY DUTIES          - 15 -

1           **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

2       Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3 named parties, there is no such interest to report.

4

5

6                         ATTORNEY OF RECORD FOR PLAINTIFFS
                        BEVERLY AND LIONEL SACKS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28